UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| LINDA HAMILTON, | ) | CASE NO: `10-1439-JWL-DJW` |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHINA SUPER BUFFET OF | ) | |
| WICHITA, INC., a Kansas corp., | ) | |
| | ) | |
| Defendant. | ) | |
| _____/ | | |

## COMPLAINT

Plaintiff, Linda Hamilton ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues China Super Buffet of Wichita, Inc., a Kansas Corporation, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans With Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA").  This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.      Venue is proper in this Court, the District of Kansas, pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the District of Kansas.

3.      Plaintiff, Linda Hamilton (hereinafter referred to as "Ms. Hamilton"), is a resident of the State of Kansas and is a qualified individual with a disability under the ADA.  Ms. Hamilton suffers from what constitutes a "qualified disability" under the

Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from Paraplegia, and requires a wheelchair for mobility.  Prior to instituting the instant action, Ms. Hamilton visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA.  Ms. Hamilton continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.     The Defendant, China Super Buffet of Wichita, Inc., (hereinafter referred to as "China Super Buffet")    is registered to do business and, is in fact, conducting business in the State of Kansas.  Upon information and belief, China Super Buffet is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically the **Super Buffet**, located at and around **7607 E. Douglas Rd., Wichita, KS** (hereinafter referred to as the "Restaurant").

5.     All events giving rise to this lawsuit occurred in the District of Kansas.

## COUNT I - VIOLATION OF THE ADA

6.     On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7.     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant owned by China Super Buffet is a place of public accommodation in that it is a Restaurant operated by a private entity that provides goods and services to the public.

2

8.    China Super Buffet has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 *et seq*.

9.    Ms. Hamilton has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurant owned by China Super Buffet.  Prior to the filing of this lawsuit, Ms. Hamilton visited the Restaurant at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact.  In addition, Ms. Hamilton continues to desire and intends to visit the Restaurant, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access which remain at the Restaurant in violation of the ADA.  Ms. Hamilton has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10.    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11.    China Super Buffet is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i.    The accessible parking spaces provided at the facility contain steep slope ratios;

ii.    There are no "van accessible" parking spaces designated at the facility;
iii.   The ramp leading from the accessible parking spaces to the main wooden level area, does not provide handrails on either side of the ramp;
iv.    There is insufficient maneuvering clearance on the pull side of the entrance door to the facility;

**Women's Restroom:**

v.     The doors are too heavy;
vi.    There is no clearance under the lavatory;
vii.   The accessible stall is too narrow;
viii.  The coat hook is too high;
ix.    There is no accessible signage at the door;

12.    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

13.    Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, China Super Buffet was required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992.  To date, China Super Buffet has failed to comply with this mandate.

14.    Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by China Super Buffet pursuant to 42 U.S.C. §12205.

15.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against China Super Buffet and requests the following injunctive and declaratory relief:

A.   That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B.   That the Court enter an Order directing Defendant to alter its facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.   That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.   That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.   That the Court award such other and further relief as it deems necessary, just and proper.

## DESIGNATION OF PLACE OF TRIAL

COMES NOW plaintiff, by and through counsel, and respectfully requests that Wichita, Kansas is designated for place of trial.

Date:  December 30, 2010          s/ Lawrence W. Williamson, Jr.
                                 Lawrence W. Williamson, Jr.
                                 Kansas Bar No:  21282
                                 Williamson Law Firm LLC
                                 816 Ann Avenue
                                 Kansas City, KS  66101
                                 (913) 871-7060 – Telephone
                                 (913) 535-0736 – Facsimile
                                 l.williamson@williamsonfirm.com
                                 Stephan M Nitz
                                 FL Bar Number: 45561
                                 Schwartz, Zweben, LLP
                                 3876 Sheridan Street
                                 Hollywood, Florida  33021
                                 (954) 966-2483-Telephone

(954) 966-2566-Facsimile
snitz@szalaw.com